No. 95-3469

United States of America,  *
                            *
        Appellee,           *
                            *
    v.                      *  Appeal from the United States
                            *  District Court for the
Rayon Burns Simmons, also known  *  Eastern District of Missouri.
as Rayon Alton, also known as    *
Rayon Burns, also known as       *           [UNPUBLISHED]
Rayon Parker,                    *
                            *
        Appellant.          *


Submitted:  June 6, 1996

Filed:  June 12, 1996


Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.


PER CURIAM.


        Rayon Burns Simmons pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of cocaine with intent to distribute, in violation of section 841(a)(1).  At his sentencing hearing, the government presented evidence that Simmons was using his residence to further the conspiracy; that Simmons distributed cocaine on December 1, 1994; and that on December 23, 1994, officers recovered a loaded 9mm Glock revolver while searching Simmons's residence.  Based on this evidence, the district court[1] assessed a firearm-possession enhancement under

_____

        [1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

U.S.S.G. § 2D1.1(b)(1), and imposed concurrent sentences of 144 months imprisonment followed by five years supervised release.  Simmons appeals, challenging the enhancement.  We affirm.

For the section 2D1.1(b)(1) enhancement to apply, "the government has to prove by a preponderance of the evidence that it is not clearly improbable that the weapon had a nexus with the criminal activity."  United States v. Richmond, 37 F.3d 418, 419 (8th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995); U.S.S.G. § 2D1.1, comment. (n.3).  "The government can prove that the weapon was connected with the offense by showing that `a temporal and spacial relation existed between the weapon, the drug trafficking activity, and the defendant.'"  United States v. Payne, 81 F.3d 759, 763 (8th Cir. 1996) (quoting United States v. Bost, 968 F.2d 729, 732 (8th Cir. 1992)).

Here, the government presented evidence that Simmons arranged (if not consummated) a drug deal at his residence during the course of the conspiracy, and that the gun was found at the residence a few weeks later.  We conclude that the district court did not clearly err in accepting this evidence as true, and we are of the view that it established the required temporal and spacial relationship.  See Payne, 81 F.3d at 763 (in context of conspiracy, government can prove nexus by showing gun was found "where part of the conspiracy took place"); cf. United States v. Britton, 68 F.3d 262, 265 (8th Cir. 1995) (affirming § 2D1.1(b)(1) enhancement where firearm was found eight months after drug sale), cert. denied, 116 S. Ct. 1322 (1996).  We see no abuse of discretion in the district court's admission of hearsay testimony at sentencing.  See United States v. Cassidy, 6 F.3d 554, 557 (8th Cir. 1993).  But even without that testimony, we think that the evidence supporting the enhancement was sufficient.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.